IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:11cr19-RH-MJF
 5:19cv486-RH-MJF

JOSEPH TYRELL DUHON,

    Defendant.

_____/

# ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant Joseph Tyrell Duhon has moved under 28 U.S.C. § 2255 for relief from his 2012 conviction and sentence. He asserts a claim based on *United States v. Davis*, 139 S. Ct. 2319 (2019), which held the 18 U.S.C. § 924(c) "residual clause" unconstitutional. That claim fails on the merits; the residual clause had nothing to do with Mr. Duhon's conviction. He also asserts other claims, but they are untimely. This order denies relief.

I

A grand jury indicted Mr. Duhon on four counts. He pled guilty to counts 2 and 3. Counts 1 and 4 were dismissed on the government's motion.

The charge in count 2 was possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c). The charge in count 3 was possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g). The guideline imprisonment range on count 3 was 37 to 46 months. The guideline imprisonment range on count 2 was a single point—60 months—and the statute required the sentence to be served consecutively to any other sentence. The judge presiding over the case at that time imposed a within-guideline sentence: 46 months on count 3 and 60 months consecutive on count 2, for a combined total of 106 months.

Mr. Duhon appealed. The United States Court of Appeals for the Eleventh Circuit issued an opinion affirming the judgment on January 15, 2013. Mr. Duhon did not file a petition for a writ of certiorari.

II

Motions for relief under § 2255 must be filed within a one-year limitation period. The period runs from one of four dates, depending on the circumstances. The limitation period for Mr. Duhon's *Davis* claim ran from the date of that decision. *See* 28 U.S.C. § 2255(f)(3). The claim is timely.

That does not, however, make the other claims timely. The timeliness of each claim in a § 2255 motion must be evaluated on its own. *See Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013) (en banc). The limitation period for the claims not

based on *Davis* ran "the date on which the judgment of conviction [became] final." *Id*. § 2255(f)(1). The period thus began to run on April 15, 2013, the deadline for filing a certiorari petition for review of the Eleventh Circuit's decision on direct appeal. The limitation period expired on April 15, 2014. These claims are untimely.

For what it's worth, the other claims are also plainly unfounded on the merits. Mr. Duhon received a guideline sentence. That the government asked for a higher sentence was not improper, was not within the control of Mr. Duhon's attorney, and ultimately made no difference. Mr. Duhon's vague allegations do not support a claim that his attorney rendered ineffective assistance or that there was any defect in the proceedings at all.

III

Mr. Duhon invokes *Davis* to challenge his count 2 conviction under § 924(c). That statute makes it a crime to possess a firearm in furtherance of a crime of violence or drug-trafficking crime. *Davis* held unconstitutional the "residual clause," part of the § 924(c) definition of a crime of violence. But Mr. Duhon was not convicted of possessing a firearm in furtherance of a crime of violence; he was convicted of possessing a firearm in furtherance of a drug-trafficking crime. *Davis* has nothing to do with it. The *Davis* claim fails on the merits.

## IV

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Duhon has not made the required showing. This order thus denies a certificate of appealability.

V

For these reasons,

IT IS ORDERED:

1. Mr. Duhon's motion for relief under 28 U.S.C. § 2255, ECF No. 70, is denied.

2. A certificate of appealability is denied.

3. The clerk must close No. 5:19cv486.

SO ORDERED on March 6, 2020.

s/Robert L. Hinkle<br>
United States District Judge